IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| R\_\_\_\_\_ S., by and through his next friend, Ruth B., | § § § § § | |
| Plaintiff, | | |
| VS. | § § § § § § § § | Civil Action No. 3:16-CV-2916-D |
| HIGHLAND PARK INDEPENDENT SCHOOL DISTRICT, | | |
| Defendant. | | |

MEMORANDUM OPINION
AND ORDER

Defendant Highland Park Independent School District ("HPISD") moves under Fed. R. Civ. P. 12(b)(6) to dismiss plaintiff's claims under § 504 of the Rehabilitation Act, 29 U.S.C. § 794, and 42 U.S.C. § 1983. For the reasons that follow, the court grants the motion in part and denies it in part, and grants plaintiff leave to replead.

I

This is an action by plaintiff R\_\_\_\_\_ S \_\_\_\_\_ ("RS"),[1] by and through his next friend Ruth B, seeking relief from defendant HPISD under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 *et seq.* ("IDEA"); § 504 of the Rehabilitation Act; and 42

---

[1]Several pleadings in this case, including plaintiff's publicly-available complaint and amended complaint, contain RS's first name. Rule 5.2(a)(3) provides, however, that "[u]nless the court orders otherwise, in an electronic or paper filing with the court that contains . . . the name of an individual known to be a minor . . . a party or nonparty making the filing may include only . . . the minor's initials." Accordingly, the court will refer to RS in this memorandum opinion and order only by his initials.

U.S.C. § 1983. RS is a 13 year-old student with disabilities who attended school in HPISD from the spring of 2012 through the spring of 2015.[2] While he was enrolled, he received special education services from HPISD.

RS alleges that several incidents at HPISD compromised his safety and ability to progress in his education. According to the amended complaint, RS was left in dried feces on multiple occasions; HPISD staff failed to address pressure sores properly; he fell at least five times because HPISD personnel failed to implement necessary protocols; HPISD staff used improper equipment, such as chairs without appropriate locks, or equipment that RS had outgrown; RS did not receive appropriate educational services; and HPISD failed to inform or collaborate with RS's parents regarding these issues and his education. RS asserts that HPISD was indifferent to these issues, suggesting that they "were simply an inevitable occurrence for a child such as [RS]." Am Compl. ¶ 12. In 2015 RS's parents removed him from HPISD.

RS filed an administrative due process complaint in April 2015. The administrative hearing officer ("AHO") denied RS's requested relief in July 2016. RS then filed suit in this court pursuant to 20 U.S.C. § 1415(i), appealing the AHO's decision and raising claims

---

[2]In deciding this Rule 12(b)(6) motion, the court construes RS's amended complaint in the light most favorable to him, accepts all well-pleaded factual allegations, and draws all reasonable inferences in his favor. *See, e.g., Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004). "The court's review [of a Rule 12(b)(6) motion] is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

under the IDEA and § 504 of the Rehabilitation Act, and for municipal liability under § 1983. HPISD moved under Rule 12(b)(6) to dismiss RS's § 504 and § 1983 claims in his complaint.³ RS then filed an amended complaint, and HPISD again moves to dismiss the § 504 and § 1983 claims. RS opposes the motion.

II

Under Rule 12(b)(6), the court evaluates the pleadings by "accept[ing] 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). To survive this motion to dismiss, RS must allege enough facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U. S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant[s] [are] liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level [.]"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S.

---

³The court has denied HPISD's initial motion to dismiss as moot.

at 679 (quoting Rule 8(a)(2)). Furthermore, under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" it demands more than "'labels and conclusions.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). And "'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U. S. at 555).

III

HPISD first moves to dismiss RS's claim under § 504 of the Rehabilitation Act.

A

Section 504 of the Rehabilitation Act mandates that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance[.]" 29 U.S.C. § 794(a). In the educational context, "[a] cause of action is stated under § 504 when it is alleged that a school district has *refused* to provide reasonable accommodations for the handicapped plaintiff to receive the full benefits of the school program." *D.A. ex rel Latasha A. v. Hous. Indep. Sch. Dist.*, 629 F.3d 450, 454 (5th Cir. 2010) (emphasis in original) (quoting *Marvin H. v. Austin Indep. Sch. Dist.*, 714 F.2d 1348, 1356 (5th Cir. 1983)). The term "refusal" requires "something more than a mere failure to provide [a] 'free appropriate education,'" as required by law. *Id.* (quoting *Monahan v. Nebraska*, 687 F.2d 1164, 1170 (8th Cir. 1982)). Rather, "facts creating an inference of professional bad faith or gross misjudgment are necessary to

substantiate a cause of action for intentional discrimination under § 504 . . . against a school district predicated on a disagreement over compliance with IDEA." *Id.* at 455.

HPISD contends that the "professional bad faith or gross misjudgment" standard is equivalent to the "deliberate indifference" standard courts apply to claims under Title IX. The Fifth Circuit has stated "[t]here is no 'deliberate indifference' standard applicable to public entities for purposes of the . . . [Rehabilitation Act]." *Delano-Pyle v. Victoria Cnty., Tex.*, 302 F.3d 567, 575 (5th Cir. 2002); *but see Estate of Lance v. Lewisville Indep. Sch. Dist.*, 743 F.3d 983, 995-96 (5th Cir. 2014) (applying deliberate indifference standard to § 504 claim in context of student-on-student harassment). Even so, because applying a deliberate indifference standard does not affect the result that the court reaches concerning RS's § 504 claim, the court will assume *arguendo* that the deliberate indifference standard applies. *See Liese v. Indian River Cnty. Hosp. Dist.*, 701 F.3d 334, 345 (11th Cir. 2012) (compiling cases, noting that almost every circuit has agreed with position taken here by HPISD, but citing contrary Fifth Circuit opinion).

"[T]he deliberate indifference standard is a high one." *Doe* ex rel *Doe v. Dall. Indep. Sch. Dist.*, 220 F.3d 380, 384 (5th Cir. 2000) (quoting *Doe* ex rel *Doe v. Dall. Indep Sch. Dist.*, 153 F.3d 211, 219 (5th Cir. 1998) ("*Doe I*")). Deliberate indifference occurs when the response to an incident or a risk of harm is clearly unreasonable in light of the known circumstances. *Id.*

B

HPISD contends that RS has failed to properly plead deliberate indifference. In response, RS contends that his amended complaint alleges that HPISD displayed its deliberate indifference in five specific ways: (1) leaving RS in his feces on multiple occasions; (2) failing to treat his pressure sores; (3) failing to prevent RS's multiple falls; (4) withholding relevant information from RS's parents; and (5) using equipment that RS had outgrown and therefore caused him significant pain. HPISD primarily contends that RS's amended complaint omits findings from the AHO's decision that show that HPISD officials did not act with deliberate indifference in each situation. For example, HPISD points to findings in the AHO's decision that it contends indicate that RS was taking medication that caused diarrhea, and that "he was seen by the school nurse, given a new set of clothing, and had his wheelchair cleaned as best as possible." D. Br. 8.

Supported by the AHO's decision, HPISD obviously has a different view of the facts than the one RS asserts. "But merely offering a different version of the facts is insufficient to prevail on a Rule 12(b)(6) motion." *Arevalo v. City of Farmers Branch*, 2017 WL 1153230, at *8 (N.D. Tex. Mar. 28, 2017) (Fitzwater, J.). At the Rule 12(b)(6) stage, the court must accept RS's well-pleaded facts as true. *Katrina Canal Breaches*, 495 F.3d at 205. Accordingly, the court cannot consider any additional facts or findings from the AHO's decision.

The court concludes that, taken as true, RS has sufficiently pleaded deliberate indifference to support a § 504 claim. The amended complaint alleges that "HPISD staff

members left [RS] in dried feces on multiple occasions . . . . With respect to the most severe of the feces incidents, the principal of the elementary school [RS] attended simply decided his staff should attend to other matters rather than cleaning [RS's] chair throughly." Am. Compl. ¶ 7. Assuming the allegations are true, as the court must, a school official's decisions on multiple occasions to direct staff to attend to matters other than cleaning a student's feces-covered wheelchair are clearly unreasonable in light of the known circumstances. Accordingly, the court concludes that RS has pleaded a facially plausible claim of deliberate indifference. Because HPISD has not presented any other grounds on which to support dismissal of RS's § 504 claim, the court denies the motion to dismiss this claim.

IV

HPISD also moves to dismiss RS's claims for municipal liability[4] under § 1983 for violations of his statutory rights under § 504 and his constitutional rights under the Fourteenth Amendment.

A

A municipality is a "person" subject to suit under § 1983 under certain circumstances. *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690 (1978). Although a municipality cannot be held liable simply on a theory of respondeat superior, *id.* at 691, it can be held liable if a deprivation of a constitutional right was inflicted pursuant to an official policy or custom, *Piotrowski v. City of Houston*, 237 F.3d 567, 579 (5th Cir. 2001).

---

[4]Although this opinion and some of the cases it cites discuss "municipal" liability, this reasoning applies to a public school district as well. *See, e.g., Doe I*, 153 F.3d at 215-16.

Municipal liability requires proof of three elements: "(1) an official policy (or custom), of which (2) a policymaker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose 'moving force' is that policy or custom." *Valle v. City of Houston*, 613 F.3d 536, 541-42 (5th Cir. 2010) (quoting *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002)).

The first element requires that RS adequately plead an official policy or custom. "[A] policy can be shown through evidence of an actual policy, regulation, or decision that is officially adopted and promulgated by lawmakers or others with policymaking authority." *Id*. at 542 (citing *Burge v. St. Tammany Parish*, 336 F.3d 363, 369 (5th Cir. 2003)). Although a "single decision by a policy maker may, under certain circumstances, constitute a policy for which a municipality may be liable[,] . . . this 'single incident exception' is extremely narrow and gives rise to municipal liability only if the municipal actor is a final policymaker." *Id*. (citations, brackets, and some internal quotation marks omitted). A custom is "a persistent, widespread practice of City officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well-settled as to constitute a custom that fairly represents municipal policy." *Piotrowski*, 237 F.3d at 579 (quoting *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984) (en banc) (per curiam)).

To satisfy the second element, RS must adequately plead the identity of a policymaker with "final policymaking authority." *Rivera v. Hous. Indep. Sch. Dist*., 349 F.3d 244, 247 (5th Cir. 2003) (citing *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988)). "A

'policymaker' must be one who takes the place of the governing body in a designated area of city administration." *Webster*, 735 F.2d at 841 (citing *Bennett v. City of Slidell*, 728 F.2d 762, 769 (5th Cir. 1984)). "City policymakers not only govern conduct; they decide the goals for a particular city function and devise the means of achieving those goals. . . . [T]hey are not supervised except as to the totality of their performance." *Bennett*, 728 F.2d at 769. "[The court's] analysis must also take into account the difference between final decisionmaking authority and final policymaking authority, a distinction that this circuit recognized as fundamental[.] . . . [D]iscretion to exercise a particular function does not necessarily entail final policymaking authority over that function." *Bolton v. City of Dallas*, 541 F.3d 545, 548-49 (5th Cir. 2008) (per curiam) (citations omitted); *see also Jett v. Dall. Indep. Sch. Dist.*, 7 F.3d 1241, 1247 (5th Cir. 1993) (explaining distinction between final policymaking authority and mere decisionmaking).

The third element requires that RS adequately plead that the municipal policy or custom was the "moving force" of the constitutional deprivation, which requires a "high threshold of proof." *Piotrowski*, 237 F.3d at 580 (citing *Monell*, 436 U.S. at 694). The "plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." *Valle*, 613 F.3d at 542 (quoting *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 404 (1997)) (internal quotation marks omitted). RS therefore "must demonstrate that a municipal decision reflects deliberate indifference to the risk that a violation of a particular constitutional or statutory right will follow the decision." *Id*.

(quoting *Brown*, 520 U.S. at 411) (internal quotation marks omitted); *see also Piotrowski*, 237 F.3d at 579 ("[E]ven a facially innocuous policy will support liability if it was promulgated with deliberate indifference to the 'known or obvious consequences' that constitutional violations would result." (quoting *Brown*, 520 U.S. at 407)). Simple or even heightened negligence, however, is insufficient to meet the deliberate indifference requirement. *Piotrowski*, 237 F.3d at 579 (quoting *Brown*, 520 U.S. at 407).

B

RS alleges violations of § 504 and of the Fourteenth Amendment as grounds for his § 1983 claim. The Fifth Circuit has expressly foreclosed using § 1983 as a method to enforce rights under § 504. *See D.A.* ex rel *Latasha A.*, 629 F.3d at 456-57 (citing *Lollar v. Baker*, 196 F.3d 603, 603 (5th Cir. 1999) ("[B]ecause Congress created a specific and comprehensive enforcement mechanism under § 504 to ensure the rights of the disabled persons, the presumption controls against invoking a more general remedial scheme[—here, § 1983—]to vindicate those rights.")). The court therefore only considers whether RS has sufficiently pleaded his claim based on constitutional violations.

The court assumes *arguendo* that RS has sufficiently pleaded a Fourteenth Amendment violation and considers whether the amended complaint meets the elements of a municipal liability claim under § 1983. The court concludes that RS has failed to adequately plead the second element of a municipal liability-based claim—the existence of a policymaker who can be charged with actual or constructive knowledge. *See Valle*, 613 F.3d at 541. Neither RS's amended complaint nor his brief identifies a policymaker for

HPISD. Accordingly, the court dismisses RS's § 1983 claim under Rule 12(b)(6).

V

Although the court is dismissing RS's § 1983 claim, it will permit him to replead. *See, e.g., In re Am. Airlines, Inc., Privacy Litig.*, 370 F.Supp.2d 552, 567-68 (N.D. Tex. 2005) (Fitzwater, J.) (noting that district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing case, unless it is clear that defects are incurable or plaintiffs advise court that they are unwilling or unable to amend in a manner that will avoid dismissal). Because there is no indication that RS cannot, or is unwilling to, cure the pleading defects the court has identified, the court grants him 28 days from the date this memorandum opinion and order is filed to file a second amended complaint.

\* \* \*

For the reasons explained, the court grants HPISD's motion to dismiss RS's § 1983 claim under Rule 12(b)(6) and denies its motion to dismiss his § 504 claim. The court grants RS leave to file a second amended complaint within 28 days of the date this memorandum opinion and order is filed.

**SO ORDERED**.

June 21, 2017.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE