# United States District Court
### NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| R.S., by and through his next friend, RUTH B., <br> Plaintiff, <br> v. <br> HIGHLAND PARK INDEPENDENT SCHOOL DISTRICT, <br> Defendant. | § § § § § § § § § | CASE NO. 3:16-CV-2916-S |

## MEMORANDUM OPINION AND ORDER

Plaintiff R\_\_\_\_\_ S\_\_\_\_\_ ("RS" or "Plaintiff") is a secondary student with disabilities who attended school in Highland Park Independent School District ("HPISD" or the "District") from the spring of 2012 through the spring of 2015. While attending HPISD, Plaintiff received special education services from the District. Plaintiff, by and through his next friend, Ruth B., brought this civil action pursuant to the Individuals with Disabilities Education Act ("IDEA") to appeal and to obtain a reversal of the decision by the Special Education Hearing Officer ("SEHO") in the underlying special education due process hearing.

Plaintiff alleges that he suffered repeated injuries for years at HPISD, along with marked regression in skills, both academic and non-academic. Plaintiff's mother ultimately removed him from the District and enrolled him at Chase's Place, a small private school for children with disabilities. Plaintiff brought a due process complaint pursuant to IDEA against the District, requesting reimbursement for private school tuition and related expenses. After a three-day special education due process hearing, the SEHO denied the relief requested by Plaintiff. Plaintiff

appealed the SEHO's decision to this Court, and also asserted claims pursuant to Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 701, *et seq.*, and pursuant to 42 U.S.C. § 1983.

The parties each filed motions for summary judgment with respect to the IDEA claim. The Court affirmed the decision of the SEHO in the underlying due process hearing, granted HPISD's Motion, and denied Plaintiff's Motion [ECF No. 54]. *R.S. ex rel. Ruth B. v. Highland Park Indep. Sch. Dist.*, Civ. A. No. 3:16-CV-2916-S, 2019 WL 1099753, at *24 (N.D. Tex. Mar. 8, 2019) (Scholer, J.). The Court found that R.S.'s Individual Educational Program ("IEP") was reasonably calculated for him to receive meaningful education benefits, and thus, HPISD provided him with a free appropriate public education ("FAPE") in accordance with the IDEA. *Id.* at *23.

In light of the Court's ruling on Plaintiff's IDEA claim, the Court now addresses Plaintiff's remaining § 504 and § 1983 claims. For the reasons that follow, the Court dismisses both claims.

## I. BACKGROUND[1]

Per Special Order 3-318, this case was transferred from the docket of Judge Sidney A. Fitzwater to the docket of this Court on March 8, 2018.

On June 21, 2017, the Court granted in part and denied in part HPISD's Motion to Dismiss Plaintiff's § 504 and § 1983 claims [ECF No. 19]. *R.S. ex rel. Ruth B. v. Highland Park Indep. Sch. Dist.*, Civ. A. No. 3:16-CV-2916-D, 2017 WL 2666159, at *5 (N.D. Tex. June 21, 2017) (Fitzwater, J.). Accepting as true all well-pleaded facts and not considering any additional facts or findings from the SEHO's decision, the Court concluded that R.S. had sufficiently pleaded deliberate indifference to support a § 504 claim, and denied the District's Motion on that claim. *Id.* at *3. As to Plaintiff's § 1983 claim, the Court concluded that Plaintiff failed to adequately

---

[1] The factual background of this case has been set out in extensive detail in the Court's Memorandum Opinion and Order dated March 8, 2019. The Court here aims only to present the current procedural posture of the case.

plead the existence of a policymaker, and therefore granted the District's Motion on that claim, but allowed Plaintiff the opportunity to replead. *Id.* at \*5. Plaintiff filed an Amended Complaint on July 19, 2017 [ECF No. 26], and HPISD moved to dismiss Plaintiff's § 1983 claim pursuant to Rule 12(b)96) on August 2, 2017 [ECF No. 27].

On March 8, 2019, the Court ruled on the parties' cross motions for summary judgment with respect to Plaintiff's IDEA claim. The Court affirmed the decision of the SEHO in the underlying due process hearing, holding that R.S.'s IEP was reasonably calculated for him to receive meaningful education benefits, and therefore, HPISD did not deny him a FAPE. *R.S.*, 2019 WL 1099753, at \*23-\*24. In reaching its decision, the Court conducted a virtually *de novo* review of the record from the administrative proceedings. *Id.* at \*2. The record in this case is substantial, more than 6,000 pages, and includes the transcript from the three-day due process hearing and nearly 5,000 pages of exhibits submitted by the parties. *Id.* at \*3. The parties did not request that the Court take additional evidence. *See Hous. Indep. Sch. Dist. v. V.P. ex rel. Juan P.*, 582 F.3d 576, 582-83 (5th Cir. 2009) ("When a district court reviews a hearing officer's decision under the IDEA program it receives the records of the administrative proceedings and also takes additional evidence at the request of any party.")

## II. ISSUE PRECLUSION

In light of the Court's ruling affirming the SEHO's decision in the underlying due process hearing and holding that HPISD did not deny Plaintiff a FAPE, the Court *sua sponte* dismisses Plaintiff's § 1983 and § 504 claims on the basis of issue preclusion. *See Arizona v. California*, 530 U.S. 392, 412 (2000); *see also Am. Furniture Co., Inc. v. Int'l Accommodations Supply*, 721 F.2d 478, 482 (5th Cir. Unit A Mar. 1981) (applying res judicata *sua sponte* "where all of the relevant facts are contained in the record" and the court "may not ignore their legal effect," nor

3

"decline to consider the application of controlling rules of law to dispositive facts, simply because neither party has seen fit to invite [the court's] attention to the issue").

Issue preclusion, or collateral estoppel, "means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *Ashe v. Swenson*, 397 U.S. 436, 443 (1970). Issue preclusion "has the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation." *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979). "The applicability of collateral estoppel is a question of law[.]" *Kariuki v. Tarango*, 709 F.3d 495, 506 (5th Cir. 2013). Issue preclusion "is appropriate when: (1) the identical issue was previously adjudicated; (2) the issue was actually litigated; and (3) the previous determination was necessary to the decision." *Pace v. Bogalusa City Sch. Bd.*, 403 F.3d 272, 290 (5th Cir. 2005) (citing *Southmark Corp. v. Coopers & Lybrand*, 163 F.3d 925, 932 (5th Cir. 1999)). The Fifth Circuit "applies issue preclusion where the legal standards underlying such claims are not significantly different." *D.A. ex rel. Latasha A. v. Hous. Indep. Sch. Dist. ("D.A.")*, 629 F.3d 450, 454 (5th Cir. 2010) (citing *Pace*, 403 F.3d at 290).

Consistent with other circuits, the Fifth Circuit has held that "the resolution of an IDEA claim in the school district's favor will frequently preclude parents' resort to redundant claims[.]" *Id.* at 454; *see also Pace*, 403 F.3d at 297 ("[Plaintiff's] ability to assert non-IDEA claims does not mean that general principles of issue preclusion do not apply to preclude his redundant claims. Because [plaintiff's] claims under the [Americans with Disabilities Act] and § 504 are factually and legally indistinct from his IDEA claims, issue preclusion is proper in this case."); *D.K. v. Abington Sch. Dist.*, 696 F.3d 233, 253 n.8 (3d Cir. 2012) ("[O]ur finding that the School District

4

did not deny [plaintiff] a FAPE [under IDEA] is equally dispositive of Plaintiffs' § 504 claim."); *Indep. Sch. Dist. No. 283 v. S.D. ex rel. J.D.*, 88 F.3d 556, 562 (8th Cir. 1996) ("When [the IDEA appeal] process produces an administrative decision that is upheld on judicial review under IDEA, principles of issue and claim preclusion may properly be applied to short-circuit redundant claims under other laws.").

The Court concludes as a matter of law that the questions of fact underpinning Plaintiff's § 1983 and § 504 claims have been actually litigated in resolving Plaintiff's IDEA claim, and therefore, preclude Plaintiff from pursuing his redundant non-IDEA claims. *See James Talcott, Inc. v. Allahabad Bank, Ltd.*, 444 F.2d 451, 459-60 (5th Cir. 1971) ("As a general rule, where a question of fact is put in issue by the pleadings, and is submitted to the jury or other trier of facts for its determination, and is determined, that question of fact has been actually litigated.") internal citation and quotation marks omitted)).

### A. Section 1983 Claim[2]

Plaintiff asserts a cause of action for violation of § 1983 in the Amended Complaint, alleging that HPISD "deprived Plaintiff of his federal constitutional and statutory rights by failing and refusing to provide Plaintiff with a safe educational environment and by exhibiting deliberate indifference towards the substantial risk of harm confronting him as a result of [the District's] failures." Am. Compl. ¶ 33. Plaintiff alleges that HPISD "deprived Plaintiff of his right to bodily integrity guaranteed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution." *Id.*

---

[2] The Court will not address the grounds for dismissal asserted by HPISD in the pending Motion to Dismiss. The procedural posture of the case has changed since the District filed the motion on August 2, 2017.

Section 1983 is the vehicle through which a plaintiff can assert "violations, under color of state law, of [his] constitutionally recognized rights, privileges, or immunities." *Bledsoe v. City of Horn Lake*, 449 F.3d 650, 653 (5th Cir. 2006). Under § 1983, a municipality or local governmental entity, such as an independent school district, may be held liable if a plaintiff establishes: "(1) an official policy (or custom), of which (2) a policymaker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose 'moving force' is that policy or custom." *Valle v. City of Houston*, 613 F.3d 536, 541-42 (5th Cir. 2010) (quoting *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002)).

For purposes of municipal liability under § 1983, the Fifth Circuit defines "official policy" as follows:

> 1. A policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or
>
> 2. A persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy. Actual or constructive knowledge of such custom must be attributable to the governing body of the municipality or to an official to whom that body had delegated policy-making authority.

*Bennett v. City of Slidell*, 735 F.2d 861, 862 (5th Cir. 1984) (per curiam).

Plaintiff does not contend that there was an official policy adopted by the policymaker, identified by Plaintiff as the Highland Park Independent School District Board (the "Board"), but rather relies on an alleged "persistent, widespread practice" in order to establish municipal liability. *See* Am. Compl. ¶¶ 34, 36. Plaintiff alleges that HPISD demonstrated an indifference to his welfare by leaving him in dried feces on multiple occasions; failing to address his pressure sores adequately; failing to take the necessary measures to protect his health and safety, resulting in a series of injuries to his face and head; continuing to use equipment he had outgrown; using unsafe

6

prisoner hold transfers; placing him on the toilet in ways that caused his discomfort; and putting his orthotics on the wrong feet. *See id.* ¶¶ 7-8, 13. According to Plaintiff, because the alleged actions and omissions on the part of the District "occurred over the course of several years at the hands of multiple personnel in a wide variety of contexts and environments in different schools within [the District's] purview, such actions and omissions constitute and evince a practice so widespread as to constitute a custom sufficient to trigger municipal liability." *Id.* ¶ 34.

The Court finds as a matter of law that Plaintiff is unable to establish "a persistent, widespread practice" that "is so common and well settled as to constitute a custom that fairly represents municipal policy." *Bennett*, 735 F.2d at 862. In affirming the SEHO's decision, this Court determined that the incidents and injuries relied on by Plaintiff as evidence of a persistent, widespread practice were either mischaracterized by Plaintiff or not borne out by the evidence in the record. *See R.S.*, 2019 WL 1099753 at *5-*6, *8-*9, *11, *16, *19-*20. Plaintiff was not left sitting in dried feces on multiple occasions. *See id.* at *5. In response to Plaintiff's early stage pressure sore, the District contacted R.S.'s wheelchair vendor to conduct pressure mapping on his equipment and implemented a 30-to-45-minute repositioning protocol to alleviate his pressure sore. *See id.* After each fall or injury, the District made changes to its safety protocol and worked with R.S.'s parents and District staff to prevent future injuries. *See id.* at *6, *8-*9, *16, *19-*20. HPISD did not use equipment that Plaintiff had outgrown. *See id.* at *11. Plaintiff's wheelchair transfers were appropriately accomplished, and District staff never used the term "prisoner hold." *See id.* at *9. District staff worked with Plaintiff's mother to devise a toileting protocol, which included trials sitting backwards on the toilet, but Plaintiff never fell in the toilet. *See id.* at *11. And finally, Plaintiff did go home with his orthotics on the wrong feet on one occasion, but he did not suffer any injury as the result of the mistake. *See id.* The parties have already litigated, and

the SEHO and this Court have both already resolved, the fact issues presented in Plaintiff's § 1983 claim.

The Court finds that the fact issues concerning the injuries and incidents experienced by Plaintiff during his time enrolled in HPISD were already necessarily resolved by the SEHO and this Court in determining that the District did not deny R.S. a FAPE. *See Pace*, 403 F.3d at 290. Moreover, those fact issues are identical to the fact issues underlying Plaintiff's § 1983 claim and allegations of a persistent, widespread practice constituting an official policy of HPISD. *See id.* Therefore, the Court concludes that Plaintiff is precluded from relitigating these issues.

In sum, the SEHO's and the Court's prior factual findings foreclose Plaintiff's allegations of a persistent, widespread practice constituting an official policy of HPISD of allowing students with disabilities to suffer from incidents and injuries. Because Plaintiff cannot establish the existence of an official policy or custom of HPISD, an essential element to his claim, his § 1983 claim fails as a matter of law. The Court, therefore, *sua sponte* dismisses Plaintiff's § 1983 claim on the basis of issue preclusion.

### *B. Section 504 Claim*

In the Amended Complaint, Plaintiff asserts a cause of action for discrimination in violation of § 504. Am. Compl. ¶¶ 26-31. Plaintiff alleges, "Plaintiff has been denied and excluded from significant benefits of [HPISD's] program which would have, if properly implemented for Plaintiff, provided a more integrated environment and less confining environment more appropriate to his needs." *Id.* ¶ 28. Moreover, Plaintiff alleges that the District's "level of deliberate indifference in failing to provide a safe environment for Plaintiff designed to promote his educational process was sufficiently egregious to constitute discrimination under Section 504." *Id.* ¶ 30.

"Section 504 is an antidiscrimination statute; and, '[a]dmittedly different from those underlying the IDEA, the Congressional objective of . . . § 504 is the elimination of discrimination against individuals with disabilities.'" *Estate of Lance v. Lewisville Indep. Sch. Dist.*, 743 F.3d 982, 990 (5th Cir. 2014) (quoting *Pace*, 403 F.3d at 291). Pursuant to § 504, "No otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a). "In short, the IDEA guarantees individually tailored educational services, while . . . § 504 promise[s] non-discriminatory access to public institutions." *Fry v. Napoleon Cmty. Schs.*, 137 S. Ct. 743, 756 (2017). In the school setting, the Fifth Circuit has held that "a cause of action is stated under section 504 when it is alleged that a school district has *refused* to provide reasonable accommodations for the handicapped plaintiff to receive the full benefits of the school program." *Marvin H. v. Austin Indep. Sch. Dist.*, 714 F.2d 1348, 1356 (5th Cir. 1983). "*Marvin H.* used the term 'refusal' because the statute requires intentional discrimination against a student on the basis of his disability." *D.A.*, 629 F.3d at 454.

A plaintiff may assert claims under the IDEA and § 504 in the same suit. *See Estate of Lance*, 743 F.3d at 990-93; *Marvin H.*, 714 F.2d at 1356; 20 U.S.C. § 1415. The Fifth Circuit has outlined the possible theories of liability for a § 504 claim in the educational context. *See Estate of Lance*, 743 F.3d at 990-93. First, because the IDEA and § 504 define "disability" and "FAPE" differently, a plaintiff may assert a § 504 claim that the school district acted with gross professional misjudgment by failing to provide the student with educational services necessary to satisfy § 504's FAPE requirement (a "failure-to-provide" claim). *Id.* at 992. To prevail on a failure-to-provide claim, a plaintiff must show that the school district "*refused* to provide reasonable

accommodations for the handicapped plaintiff to receive the full benefits of the school program." *Id.* (quoting *Marvin, H.*, 714 F.2d at 1356).

"[T]o establish a claim for disability discrimination, in [the] educational context, 'something more than a mere failure to provide the [FAPE] required by [IDEA] must be shown.'" *D.A.*, 629 F.3d at 454 (quoting *Monahan v. Nebraska*, 687 F.2d 1164, 1170 (8th Cir. 1982)). At a minimum, a plaintiff is required to allege a denial of a FAPE under IDEA to sustain a § 504 claim based on the denial of a § 504 FAPE because "§ 504 regulations distinctly state that adopting a valid IEP is sufficient but not necessary to satisfy the § 504 FAPE requirements." *Estate of Lance*, 743 F.3d at 992 (quoting *Mark H. v. Lemahieu*, 513 F.3d 922, 933 (9th Cir. 2008)). Therefore, the resolution of a plaintiff's IDEA claim for denial of a FAPE in the school district's favor will preclude a plaintiff's resort to redundant claims under § 504. *D.A.*, 629 F.3d at 454; *see also K.M. ex rel. Bright v. Tustin Unified Sch. Dist.*, 725 F.3d 1088, 1099 (9th Cir. 2013) ("Because a school district's provision of a FAPE under the IDEA meets Section 504 FAPE requirements, a claim predicated on finding a violation of the Section 504 FAPE standard will fail if the IDEA FAPE requirement has been met."); *N.L. ex rel. Mrs. C. v. Knox Cty. Schs.*, 315 F.3d 688, 695-96 (6th Cir. 2003) ("[P]recedent has firmly established that section 504 claims are dismissed when IDEA claims brought on the theory of a denial of [FAPE] are also dismissed.").

In the case at hand, to the extent that Plaintiff asserts a § 504 "failure-to-provide" claim for denial of a FAPE under § 504, that claim is dismissed on the basis of issue preclusion. The Court has previously determined that R.S.'s IEP was reasonably calculated for him to receive meaningful education benefits, and therefore, HPISD did not deny him a FAPE. *R.S.*, 2019 WL 1099753, at *23-*24. Thus, Plaintiff is precluded from relitigating the issue through his § 504 claim as a matter of law.

Although Plaintiff is precluded from pursuing his § 504 "failure-to-provide" claim, Plaintiff may still assert a § 504 claim under an alternate theory of liability. Section 504 claims "predicated on other theories of liability under that statute and its implementing regulations . . . are not precluded by a determination that the student has been provided an IDEA FAPE." *Estate of Lance*, 743 F.3d at 993 (quoting *K.M.*, 725 F.3d at 1099). "Section 504 is an antidiscrimination statute; therefore, 'even if plaintiffs conceded that [the school district] fully satisfied its IDEA obligations . . . they could pursue claims under . . . § 504 on the grounds that [the student] was precluded from receiving a state benefit . . . provided to her non-disabled peers." *Id.* (quoting *Ellenberg v. N.M. Military Inst.*, 478 F.3d 1262, 1281-82 (10th Cir. 2007)). For example, a § 504 claim that a school district discriminated against a student because it was deliberately indifferent to the disability-based harassment that the student suffered at the hands of his classmates is not necessarily predicated on the denial of a FAPE. *See id.*; *see also M.P. ex rel. K. and D.P. v. Indep. Sch. Dist. No. 721*, 439 F.3d 865, 867-68 (8th Cir. 2006) (collecting successful § 504 claims).

Here, Plaintiff's claims under § 504 are all based on HPISD's alleged IDEA violations. Plaintiff asserts that HPISD failed to properly implement his educational program, therefore denying and excluding him from significant benefits, including "a more integrated environment and a less confining environment more appropriate to his needs." Am. Compl. ¶ 28. However, in determining that HPISD provided R.S. with a FAPE, the Court found that R.S.'s IEP was reasonably calculated for him to receive meaningful educational benefits, and that HPISD mainstreamed R.S. to the maximum extent possible given the level of support and assistance he requires. *See R.S.*, 2019 WL 1099753, at *22, *23.

Plaintiff also asserts that HPISD's "level of deliberate indifference in failing to provide a safe environment for Plaintiff designed to promote his educational progress was sufficiently

11

egregious to constitute discrimination under Section 504." Am. Compl. ¶ 30. Again, the Court has already resolved the identical fact issue in addressing Plaintiff's IDEA claim. In his IDEA claim, Plaintiff argued that HPISD was incapable of providing R.S. a FAPE because the District failed to take sufficient account of the serious risk of injury to R.S. to ensure minimization of that risk. *See R.S.*, 2019 WL 1099753, at \*19. The Court, however, found that there was no evidence in the record of any long-term effect of R.S.'s injuries on his health or ability to learn. *See id.* at \*20-\*21. Moreover, the Court found that after each incident and injury, the District's response included meeting with R.S.'s parents, implementing changes to its safety protocol, and providing additional trainings to District staff to ensure R.S.'s safety at school. *See id.* at \*6, \*8-\*9, \*16, \*19-\*20. The Court's previous factual findings regarding HPISD's response to Plaintiff's injuries do not support Plaintiff's allegations of "deliberate indifference" on the part of the District.

Plaintiff does not raise other factual bases for his § 504 claims that could stand despite finding that he was not denied a FAPE under the IDEA. "For example, there is no allegation of peer-on-peer harassment based on [R.S.'s] disabilities, or an allegation that [R.S.] qualified for some services under . . . § 504 that he did not qualify for under the IDEA." *M.V. ex rel. J.C. v. Conroe Indep. Sch. Dist.*, Civ. A. No. H-18-401, 2018 WL 4564948, at \*8 (S.D. Tex. Sept. 24, 2018). All of the issues that are necessary to decide Plaintiff's § 504 claim were also necessary to decide Plaintiff's IDEA claim, and those issues have already been adequately litigated by the parties. *See Pace*, 403 F.3d at 290. Accordingly, the Court finds that Plaintiff's § 504 claim is precluded as a matter of law by the Court's finding that HPISD provided Plaintiff with a FAPE in accordance with the IDEA. The Court, therefore, *sua sponte* dismisses Plaintiff's § 504 claim.

## III. CONCLUSION

For the reasons stated above, the Court *sua sponte* dismisses Plaintiff's § 1983 and § 504 claims on the basis of issue preclusion. The Court finds that all of the relevant fact questions presented in Plaintiff's § 1983 and § 504 claims are contained in the record previously reviewed by the Court in deciding Plaintiff's IDEA claim, and the Court may not ignore the legal effect of its prior factual findings, nor decline to consider the application of the law to the facts. The resolution of Plaintiff's IDEA claim in HPISD's favor precludes Plaintiff from reasserting identical fact issues under his § 1983 and § 504 claims. As a matter of judicial economy, the Court will not relitigate the redundant non-IDEA claims, and therefore, dismisses the Plaintiff's § 1983 and § 504 claims.

**SO ORDERED.**

SIGNED March 22, 2019.

**KAREN GREN SCHOLER**
**UNITED STATES DISTRICT JUDGE**